IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL 15CR3955 JB |
| | ) | |
| **Plaintiff,** | ) | Count 1: 26 USC §7212(a): corruptly |
| | ) | endeavoring to obstruct and impede the due |
| vs. | ) | administration of the Internal Revenue Laws; |
| | ) | |
| **Darryl J. Gutierrez** | ) | Counts 2 – 11; 26 USC §7206(1): making |
| | ) | and subscribing false tax returns. |
| **Alleged Defendant.** | ) | |

## NOTICE OF CHALLENGE TO JURISDICTION

**COMES NOW,** alleged Defendant Darryl J. Gutierrez, **making Special visitation** and **not generally**, without accepting jurisdiction of the Court, not waiving or relinquishing any Rights and hereby preserves all his God given **unalienable** Rights **reaffirmed** and **secured** for him by provisions in The Constitution for the United States of America A.D. 1791 claiming full entitlement to due process of law, gives Notice of Challenge to Jurisdiction and in support of his said Challenge with accompanying Memorandum of Law to state as follows:

On November 5, 2015, the United States District Court, herein "the Court", issued an arrest warrant to Agents of the Internal Revenue Service, herein IRS, based on a Federal Indictment Darryl J. Gutierrez, herein "Gutierrez", allegedly violated 11 counts of §§ 7212(a) and 7206(1) Title 26 United States Code. The IRS Agents **openly carrying firearms invaded** Santa Fe county borders, arrested, **handcuffed, transported** Gutierrez across other New Mexico Republic county borders and booked him into Sandoval County Detention Facility, thereafter Gutierrez brought before the Court under **armed might**, formally charged and released pending trial. Gutierrez now files his Challenge and the Court's failure to factually and lawfully dispute and overcome each point in the said Challenge will serve as agreement the said Indictment is **flawed** and **unenforceable**. The Parties involved in this Notice of Challenge to Jurisdiction and their Status are:

| **The Court** | **The alleged Defendant** |
|---|---|
| The U.S. District Court | Darryl J. Gutierrez |
| for the District of New Mexico | Publicly declared American sovereign |
| An Article IV legislative jurisdiction court | has domicile within New Mexico Republic |
| An Artificial person | A living, breathing, flesh & blood man |

1

# I. THE CONSTITUTION FIXED JURISDICTION LIMIT FOR THE COURT
## A. THE COURT LACKS JURISDICTION

The Court, pursuant to Article IV, The Constitution for the United States of America A.D. 1791, herein The Constitution, is a legislative court of general jurisdiction - with authority only in "***Territory or other Property belonging to the United States***" and Article I, §8, Clause 17, The Constitution, fixed jurisdiction limit for Congress to exercise legislative jurisdiction **only within** the exterior borders of District of Columbia, herein "D.C.". Gutierrez demands the Court provide incontrovertible, lawfully gathered, admissible **evidence** of claimed authority to **arbitrarily** enlarge its **Constitution fixed jurisdiction limit** beyond the exterior borders of D.C.

The Court is demanded to prove Gutierrez **consented** to the Court's jurisdiction in the absence of subject matter existing **within The Constitution** which would enlarge the Court's jurisdiction **beyond the clear boundaries enumerated in The Constitution**, pursuant to the Court holding in:

> *Pacemaker Diagnostic Clinic of America Inc. v. Instromedix Inc.*, 725 F.2d. 537 (9th Cir. 02/16/1984): citing Jackson v. Ashton, 33 U.S. (8 Peters) 148, 148-149, 8 L.Ed. 898 (1834); Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan, 111 U.S. 379, 28 L.Ed. 462, 4 S.Ct. 510 (1884) the limited jurisdiction of the federal courts and the need to respect the boundaries of federalism underlie the rule. The Supreme Court has explicitly held that Congress may "confer upon federal courts jurisdiction conditioned upon a defendant's consent. William V. Austrian, 371 U.S. 642, 652, 91 L.Ed. 1718, 67 S.Ct. 1443 (1947); Harris v. Avery Brundage Co. 305 U.S. 160, 83 L.Ed. 100, 59 S.Ct. 131 (1938) Hoffman v. Blaski 363 U.S. 335, 343, 80 S.Ct. 1084 (1960).

## B. THE COURT LACKS AUTHORITY TO EXERCISE JURISDICTION WITHIN NEW MEXICO REPUBLIC

Title 40 United States Code section 255 (**now** 3111 and 3112) *clearly and specifically requires* that a "***notice of acceptance***" is to *be filed* "with the Governor of such state or in such manner as may be prescribed by the laws of the state where such lands are situated before the Court can claim authority to exercise jurisdiction within New Mexico Republic, particularly Santa Fe county.

Gutierrez researched and found no evidence filed in the Office of the New Mexico Governor nor in any state archive an **agent authorized to obligate Congress** signed an acceptance of exclusive jurisdiction over the specific area of Santa Fe county land where the Court **specifically identified on page two of its Arrest Warrant** where Gutierrez is to be arrested, therefore Gutierrez challenges and demands the Court prove with incontrovertible evidence the Court had authority to exercise jurisdiction within New Mexico Republic, **particularly within Santa Fe county borders**.

### C. THE COURT'S JURISDICTION IS RESTRICTED TO D.C.

Congress must "**expressly**" authorize U.S. office or officer to be outside D.C. To wit:

> Title 4 USC section 72
> "**All offices** attached to the seat of government **shall** be **exercised in the District of Columbia**, and **not elsewhere**, except as otherwise **expressly** provided by law."
>
> (underscoring & emphasis added)

"**Expressly**" means Congress **authorizes** a **particular** U.S. office or officer to be **outside** D.C. in a **particular geographical area.**

> "In an express manner; in direct and **unmistakable** terms; **explicitly**; definitely; directly. *St. Louis Union Trust Co. v. Hill,* 336 Mo. 17, 76 S.W.2d. 685, 689. The opposite of impliedly. *Bolles v. Toledo Trust Co.,* 144 Ohio St. 195, 58 N.E.2d. 381, 396."
>
> Black's Law Dictionary (Emphasis added)

## II. THE COURT'S FLAWED PRESUMPTIONS

### A. THE COURT'S PRESUMPTION GUTIERREZ IS BOUND BY TITLE 26 U.S.C.

At the formal signing of the Paris Treaty of Peace, King George III acknowledged to the international community he recognized for posterity this victorious body of American People, of which Gutierrez' ancestor was a member, were, and *are sovereigns equal with the King himself.*

Gutierrez, born in Los Angeles county, California Republic, has domicile within the boundaries of Santa Fe county, New Mexico Republic; a **nontaxpayer**; a non-resident non-person; a publicly declared sovereign, his **Affidavit** is filed in the Santa Fe County Public Records.   **EXHIBIT A**

Gutierrez emphatically disputes the Court labeling Gutierrez a "taxpayer" and **denies** being a "taxpayer". Gutierrez immediately invokes the **Declaratory Judgment Act, 28 U.S.C. §2201(a)** to inform the Court Gutierrez is a "**nontaxpayer**".

Gutierrez is not bound by Title 26 U.S.C. Code sections and regulations **not published** in the **Federal Register**.

### B. THE COURT'S PRESUMPTION OF A VALID INDICTMENT

The Indictment alleges *criminal* violations of §7206(1) and §7212(a) **Title 26** U.S.C. *prima facie* **evidence of law** pursuant to § 204, Title 1, U.S.C. since Title 26 is not enacted positive law, simply a *statutory presumption*:

> It is apparent that a constitutional prohibition cannot be transgressed indirectly by the creation of a statutory presumption any more than it can be violated by direct enactment. The power to create presumptions is not a means of escape from constitutional restriction.
>
> *Bailey v. Alabama,* 219 U.S. 219 (1911)

3

Congress declared Title 26 U.S.C. and the Internal Revenue Code are one and the same. And the absence of evidence the allegedly violated Code sections and their own regulations were published as required by the Federal Register Act, 44 U.S.C. §1505(a) eliminates "general applicability and legal effect" although there are provisions within Title 26 U.S.C. that do not have regulations and are not required to have implementing regulations to be enforceable. 44 U.S.C. §1508 describes the publication requirement is to give "notice and opportunity for hearing" to the public at large of the laws they will be bound by. However, there are three groups exempted from the requirement for implementing enforcement regulation and Gutierrez is **NOT** within the three exempted groups.

Therefore Gutierrez demands the Court provide incontrovertible evidence the said Code sections with their regulations were published in the Federal Register pursuant to Federal law.

Gutierrez demands the Court prove Gutierrez gave his **consent** to accept any U.S. Government franchise and the **consent** must be in writing because such consent meant entering and occupying a public office because Gutierrez **never gave** his **consent** and **never occupied a public office**.

### C. THE COURT'S PRESUMPTION OF A CRIMINAL PROSECUTION

Gutierrez demands the Court prove **Title 18 U.S.C.** the **Criminal Code** of the United States government does **not** govern in this instant matter:

> **Title 18 Part III Chapter 301,**
> Sec. 4001 - Limitation on detention; control of prisons
> (a) No citizen **shall be imprisoned or otherwise detained by the United States** except **pursuant** to an **Act of Congress**.     (emphasis added)

And further supported by the following:

> Rule 26, Notes of Advisory Committee on Rules for Federal Rules Criminal Proceeding:
>
>> "On the other hand since all Federal crimes are **statutory** [see *United States v. Hudson,* 11 U.S. 32, 3 L.Ed. 259 (1812)] and all **criminal** prosecutions in the Federal courts are based on **acts of Congress...**".

Here is what an "**Act of Congress**," is in Rule 54(c) Federal Rules of Criminal Procedure **prior to Dec. 2002** which **defines the federal courts jurisdiction** to **conduct criminal prosecutions**:

> Rule 54(c) states:
> "Act of Congress" includes any act of Congress **locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.**"

Gutierrez demands the Court identify New Mexico Republic in one of the above four locations, failure renders **a flawed Indictment** on the basis of **absent jurisdiction** via **Act of Congress**.

4

Gutierrez demands the Court prove he committed a crime where the proceeding is being held pursuant to **Rule 54(b)(2) of the Federal Rules of Criminal Procedure:**

> **(2) Offenses Outside a District or State.**
> These rules apply to proceedings for offenses committed upon the high seas or elsewhere **out of the jurisdiction of any particular state** or district, except that such proceedings may be had in any district **authorized by 18 U.S.C. Sec. 3238.**                (emphasis added)

The Court has the burden of producing on the record, incontrovertible, tangible, admissible evidence of an **Act of Congress** pursuant to Federal Law **expressly** extending jurisdiction to the Court to conduct criminal prosecution against Gutierrez **within the New Mexico Republic** or at the very least, modifying FRCRP Rule 54(c) to **expressly** include New Mexico Republic. For the Court to continue doing otherwise is a violation of Gutierrez' Constitutional Right to due process of law and **a Constitutional tort**.

### D. THE COURT'S PRESUMPTION GUTIERREZ IS AN ARTIFICIAL PERSON

**Because** the U.S. Supreme Court held in *Penhallow v. Doane's Administration* (3 U.S. 54; 1 L.Ed.57; 3 Dall. 54) 1795 "**every government is an artificial person and can only interface with another artificial person**", Gutierrez is compelled to demand the Court produce incontrovertible, lawfully gathered, admissible evidence that Gutierrez is an **artificial person.** Otherwise, according to the Supreme Court ruling, it is **impossible** for the Court to interface with Gutierrez.

### E. THE COURT'S PRESUMPTION GUTIERREZ CONSENTED
### TO A GOVERNMENT CONTRACT

Gutierrez asserts **consent** is the essence of sovereignty and the requirement for **consent** is the foundation of all of our sovereignty as human beings. Therefore, the Court is demanded to prove Gutierrez **consented** to either lawfully occupy a public office in the government or has a contract with federal government where the "social compact" that implements the civil law is the "**contract**".

Gutierrez asserts in our American Republic form of government, the requirement for **consent** in all human interactions is the essence and the foundation of all our sovereignty as human beings.

> The rights of the individual are not derived from governmental agencies...they exist inherently in every man, by endowment of the Creator, and are merely reaffirmed in the Constitution and restricted only to the extent that they have been voluntarily surrendered by the Citizenship to the agencies of government.
> 
>                                        *City of Dallas,* v. Mitchell, 245, S.W. 944 (1922)

Gutierrez demands the Court prove that Gutierrez **consented** for the U.S. Government to file information returns, including IRS Forms W-2, 1042-s, 1098 and 1099, etc, against Gutierrez since (A) Gutierrez never **consented** to serving in a public office in the U.S. government, which would be the crime of impersonating a public officer in violation of 18 U.S.C. §912 and the U.S. **Government Agents either or Agents of the IRS filing fraudulent information returns would be in violation of 26 U.S.C. §7203;** and (B) Gutierrez **never consented** to a U.S. Government contract.

Gutierrez demands the Court prove that: (1) the essence of sovereignty is **NOT Consent**; (2) Gutierrez **expressly consented** to detach from his sovereignty; (3) Gutierrez **consented** to lawfully occupy a public office in the U.S. Government; (4) Gutierrez **consented** to have a contract with the U.S. Government; (5) Gutierrez **consented** to contract away his Bill of Rights for a government benefit; (6) Gutierrez **consented** to be a U.S. person, a citizen or resident of District of Columbia; (7) Gutierrez **consented** to accepting a U.S. Government franchise; (8) Gutierrez **consented** to be domiciled and physically present in a geographical place where his Constitutional Rights are not protected; (9) Gutierrez consented to waive the U.S. Government's purpose for existence which is to protect the **requirement** for **consent**; (10) Gutierrez **consented**, pursuant to the House of Representatives, to take an oath of "public office" and become subject to the requirements of the Internal Revenue Code; (11) Gutierrez **consented** to be an artificial person with which the Court can interface pursuant to the Supreme Court holding in *Penhallow v. Doane's Administration, supra.*

Gutierrez attached, bound and made integral to this instrument the **EXHIBITS B1 through B5** rebutting all the Court's presumptions. **EXHIBIT B1** *et seq.*

Any evidence in the Court's possession which suggests or disputes any fact or legal conclusion contrary to these Exhibits is immediately demanded on the record within thirty (30) days of receipt of this instrument so that it may be promptly rebutted. Otherwise, the Court is estopped from challenging anything in this submission in any hearing or trial in the future pursuant to Federal Rules of Civil Procedure Rule 8(b)(6).

Gutierrez demands the Court answer all the enumerated admissions contained therein the **EXHIBIT B4** within thirty (30) days after the filing date of this instrument. Failure to deny is an admission.

Gutierrez demands the Court prove it can override the Supreme Court holding the meaning of "justice" in fact, is **the right to be "left alone"**.

> "The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. They recognized... They conferred, as against the government, the right to be left alone – the most comprehensive of rights and the right most valued by civilized men."
> *Olmstead v. United States,* 277 U.S. 438, 478 (1928)

### F. THE COURT'S PRESUMPTION OF A JUDICIALLY SANITARY COURT

Gutierrez demands the Court prove it is **NOT** proceeding in violation of 28 U.S.C. §144, 28 U.S.C. §455, and in particular 18 U.S.C. §208 which **prohibits** allowing anyone to serve as a judge or a "fact finder" in any trial in which they have a pecuniary interest.

Further, Gutierrez demands to be informed about the true character and mode that the judge and the Court are proceeding under.

**WHEREFORE,** the Court failing the burden of proving all of Gutierrez' demands as set forth hereinabove and in Exhibits B1 through B5 with incontrovertible, lawfully gathered, admissible evidence deprives the Court jurisdiction and Gutierrez has established having domicile **outside** federal territory, is a **nontaxpayer**, a non-resident non-person and a publicly declared sovereign **not bound by Title 26 U.S.C. sections and regulations not published** in the **Federal Register** and there is, and can be, **no violation** of a Code section with its own implementing regulation that were **never published in the Federal Register** pursuant to Federal Law, an **essential element** of the charges against Gutierrez, and, therefore, it is respectfully submitted that Counts 1 through 11 of the Indictment must be dismissed with prejudice.

/s/ Darryl J. Gutierrez                   5/25/16
Darryl J. Gutierrez                        Date
10 Silver Water Rd
Santa Fe, New Mexico 87506